IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH JUAN BUTTERCASE, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV131 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, Director, | ) | MEMORANDUM AND ORDER |
| Nebraska Department of Correctional Services, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on preliminary review of Petitioner Buttercase's Petition for Writ of Habeas Corpus (Filing Nos. 1 and 14) brought pursuant to 28 U.S.C. § 2254.[1] The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Petitioner's 29 claims (in his own words) are:

Claim No. 1: There was insufficient evidence adduced at the Petitioner's trial to convict him beyond a reasonable doubt, in violation of the Petitioner's due process rights, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Claim No. 2: The state courts' denial of allowing past sexual evidence is in violation of the Petitioner's

---

[1] Petitioner was ordered to file an amended petition due to the length of the first one. Instead, Petitioner filed a "Clarification of Petition" (filing no. 14), essentially an index of the petition showing the number of claims and the page where they could be found within the previously filed petition. I do not construe this document as amending the petition, but, since it locates where the claims in the petition may be found within that 242-page document, I waive the requirement of an amended petition.

confrontation and due process rights, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 3: The state courts' denial of the Petitioner's first motion for new trial is in violation of the Petitioner's compulsory process and due process rights, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 4: The Petitioner's sentences are grossly disproportionate for the crimes that he is actually innocent of committing, in violation of the Petitioner's due process rights and rights against cruel and unusual punishments, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Claim No. 5: The Petitioner's trial counsel failed to investigate Walmart surveillance videos of Tessa Fulton, in violation of the Petitioner's federal constitutional right to effective assistance of counsel, confrontation rights, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 6: The Petitioner's trial counsel failed to investigate and discover eye witness Sondra Aden, in violation of the Petitioner's federal constitutional rights to effective assistance of counsel, compulsory process, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 7: The Petitioner's trial counsel failed to investigate and discover additional Tessa Fulton impeaching evidence, in violation of the Petitioner's constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as

guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 8: The Petitioner's trial counsel failed to object, pursuant to the discovery order of the court and *Brady v. Maryland*, to the state's introduction of the non-disclosed exhibits 40, 41, and 52 through 64 at trial, in violation of the Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 9: The Petitioner's trial counsel failed to subject Petitioner's Tungsten ring to forensic analysis, present testimony, and offer ring as an exhibit at trial, in violation of Petitioner's federal constitutional right to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 10: The Petitioner's trial counsel failed to make the proper *Daubert* objection to the admissibility of testimony from Julie Jurich, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, an impartial jury, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 11: The Petitioner's trial counsel failed to call medical expert Jennifer Johnson to testify at Petitioner's trial, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, compulsory process, and due process of law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 12: The Petitioner's trial counsel failed to motion the trial court for a change of venue, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, impartial jury, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 13: The Petitioner's trial counsel failed to properly object and motion for a mistrial after the trial judge chastised the Petitioner in the jury's presence, in violation of the Petitioner's federal constitutional rights to effective assistance of counsel, impartial jury, equal protection of the law, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 14: The Petitioner's trial counsel failed to object, pursuant to relevance and Rule 403, to text messages sent from Petitioner to multiple women, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, impartial jury, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 15: The Petitioner's trial counsel failed to hire an independent DNA forensic scientist and subject the state's DNA evidence to forensic analysis, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, compulsory process, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 16: The Petitioner's appellate counsel failed to assign as error and argue the trial court's denial of relief from Petitioner's motion for *Franks* hearing, in violation

of the Petitioner's federal constitutional rights against unreasonable searches and seizures, effective assistance of counsel, and due process of the law, as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 17: The Petitioner's appellate counsel failed to assign as error and argue the trial court's denial of Petitioner's first and second motions to suppress, in violation of Petitioner's federal constitutional rights against unreasonable searches and seizures, effective assistance of counsel, and due process of the law, as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 18: The Petitioner's appellate counsel failed to argue that there was insufficient evidence adduced at trial to convict Petitioner of false imprisonment beyond a reasonable doubt, in violation of Petitioner's federal constitutional right to effective assistance of counsel, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 19: The Petitioner's appellate counsel failed to assign as error and argue the trial court's denial of the relevance and Rule 403 objection to the admissibility of Julie Jurich's testimony, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, impartial jury, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 20: The Petitioner's postconviction counsel failed to adequately present Petitioner's substantial federal constitutional violation claims to the state

postconviction court, in violation of Petitioner's federal constitutional rights to effective assistance of counsel and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 21: The State of Nebraska failed to disclose material exculpatory tape measure photograph exhibits 40, 41, and 52 through 64 to defense prior to trial, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 22: The State of Nebraska failed to disclose material exculpatory Facebook messages to defense, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 23: The State of Nebraska failed to disclose material exculpatory videos of the Petitioner and Tessa Fulton showing her previous consent to acts later she alleged done on July 16, 2011, without her consent, in violation of Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 24: The State of Nebraska failed to disclose material exculpatory police interview video of Michelle Collier to defense prior to trial, in violation of the Petitioner's federal constitutional rights to effective assistance of counsel, confrontation, and due process of the law, as guaranteed by the Fifth, Sixth, and

6

Fourteenth Amendments to the United States Constitution.

Claim No. 25: The state trial judge, Paul W. Korslund, was partial at the Petitioner's hearings including trial, in violation of Petitioner's federal constitutional rights to an impartial jury, due process of the law, and equal protection of the laws, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 26: Juror David Yates was partial at the Petitioner's trial, in violation of the Petitioner's federal constitutional rights to an impartial jury and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 27: Juror Randy Frerking was partial at the Petitioner's trial, in violation of Petitioner's federal constitutional right to an impartial jury and due process of the law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 28: The State of Nebraska postconviction act is unconstitutionally inadequate for a prisoner seeking corrective process for the hearing and determining of claims of violation of federal constitutional guarantees, in violation of Petitioner's federal constitutional rights to due process of the law and equal protection of the laws, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim No. 29: The Petitioner is actually innocent of the crimes for which he was accused of committing in his convictions, in violation of the Petitioner's federal constitutional rights to liberty, due process of the law, and rights against cruel and unusual punishment,

> as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing Nos. 1 and 14), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **November 19, 2018**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 19, 2018**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than **thirty (30)** days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than **thirty (30)** days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than **thirty (30)** days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A. By **November 19, 2018,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than **sixty (60)** days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents

requested and the reasons the documents are relevant to the cognizable claims.

D. No later than **thirty (30)** days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than **thirty (30)** days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 19, 2018**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 18th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge