IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSEPH JUAN BUTTERCASE, | ) | |
|---|---|---|
| Petitioner, | ) | 8:18CV131 |
| v. | ) | |
| SCOTT R. FRAKES, Director, Nebraska Department of Correctional Services, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

The Petitioner has sued me in another case[1] challenging my handling of this one. He now seeks my recusal in this case.[2]

His motion for recusal will be denied because it is frivolous. *See, e.g., McGee v. United States Gov't*, No. CV 13-116-GW(JCX), 2013 WL 12130579, at *2 (C.D. Cal. Mar. 18, 2013) ("'[T]he general rule is that recusal is not appropriate merely because a party has sued or threatens to sue the judge presiding over that party's litigation.' *United States v. Taylor*, 569 F.2d 448, 450 (7th Cir. 1978); *see also Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1982); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). The logic behind the rule is to prevent 'judge-shopping' by litigants. *Jemzura v. Pub. Serv. Comm'n*, 961 F. Supp. 406, 411 (N.D.N.Y. 1997); *see also Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (denying motion to disqualify because, inter alia, the moving party did not have "a legitimate basis for suing [the judge.]"); *Fowler v. United States*, 699 F. Supp. 925, 928 (M.D. Ga. 1988) (determining that the moving party cannot suggest that 'a litigant unhappy with a trial

---

[1] In 4:19CV3040, the other case, I disqualified myself because I had been named a party. *See* 28 U.S.C. § 455(b)(5)(i). He also sued the Assistant Attorney General in that new case who represents Respondent in this one.

[2] He has not filed an affidavit under 28 U.S.C. § 144.

judge's ruling in a prior case can force the judge to recuse himself from future cases by simply bringing a civil action against him.'); *In re Martin-Trigona*, 573 F. Supp. 1237, 1242-43 (D. Conn. 1983) (denying motion to disqualify the judge although the litigant purportedly sued the judge in state court); *Erickson v. Fed. Land Bank*, 107 B.R. 222, 224 (Bkrtcy. D. Neb. 1989) (denying motion to disqualify the judge based on the moving party's lawsuit against the judge because 'the claims stated against [the judge] are frivolous and could have been dismissed sua sponte' and the moving party 'should not be permitted to frustrate the administration of justice by asserting frivolous claims against sitting judges.'"). *See also* Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge,* Advisory Opinion No. 103 (June 2009) ("A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.").

IT IS ORDERED that the Motion for Recusal (filing no. 55) and the Motion for Expedited Ruling (filing no. 56) are denied.

DATED this 23rd day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge