IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH JUAN BUTTERCASE, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV131 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, Director, | ) | MEMORANDUM AND ORDER |
| Nebraska Department of Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This is a habeas corpus case. Mr. Buttercase is trying to perfect an interlocutory appeal (filing no. 50) regarding his motion to dismiss the petition without prejudice (filing no. 44[1]) which I denied (filing no. 47). The motion to dismiss the petition *without prejudice* came *after* the Respondent had answered.

Before I ruled on his motion, I required the Respondent to file a brief in response. The Respondent did so, arguing:

> As the Eighth Circuit explained in *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999):
>
> > Rule 41(a) identifies those instances in which the plaintiff must obtain the approval of the court before the action can be dismissed

---

[1] He claimed it was a mixed petition. It does not appear that is so. Even if it were, he has not come close to satisfying the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). For example, he has not shown good cause and he has not shown his claims are potentially meritorious, but it does appear that Petitioner has engaged in dilatory litigation tactics. Indeed, that is why I earlier denied Petitioner's two stay and abey motions. Those denials are *not* the subject of this attempted appeal.

voluntarily. Once an answer or a motion for summary judgment has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a)(1)(i)[2]. A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. *See*, *e.g.*, *Bodecker v. Local Union No. P-46*, 640 F.2d 182, 186 n. 5 (8th Cir. 1981). In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, *see*, *e.g.*, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987); whether a dismissal would result in a waste of judicial time and effort, *see*, *e.g.*, *Tikkanen v. Citibank (South Dakota) N.A.*, 801 F.Supp. 270, 273-74 (D.Minn.1992); and whether a dismissal will prejudice the defendants, *see*, *e.g.*, *Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir.1993). Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum. *See*, *e.g.*, *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n. 1 (8th Cir.1975); *International Shoe Co. v. Cool*, 154 F.2d 778, 780 (8th Cir.), *cert. denied*, 329 U.S. 726, 67 S.Ct. 76, 91 L.Ed. 628 (1946).

(Filing no. 46 at CM/ECF pp. 3-4.)

The Respondent then argued:

To dismiss this case without prejudice, thus allowing the petitioner to refile his habeas petition in the future, would be a waste of judicial resources and effort, and would prejudice the State's interest in finality of judgments on collateral attack, because the petitioner's current habeas petition should be dismissed with prejudice. As Respondent explained in his brief, Buttercase's habeas claims are either not cognizable, procedurally defaulted, or without merit. This is not a case involving unexhausted claims as Buttercase wants this Court to believe.

---

[2] Rule 12 of the *Rules Governing Section 2254 Cases* applies the Federal Rules of Civil Procedure to the extent they are not inconsistent with the statutes.

(*Id.* at 4.)

I agreed with Respondent. Indeed, the record in this case will show that it has been progressed, the Respondent has answered, the Respondent has briefed the matter, and the Respondent has filed the state court records.³ The record will also show that I have extended Petitioner's deadline for filing a responsive brief after denying as baseless motions submitted by him that delayed this case. (See, for example, filing no. 28 and filing no. 42 extending deadlines.) Although I deal with it in another Memorandum and Order, Buttercase has recently filed a frivolous motion seeking my recusal because he has sued the lawyer for the Respondent and me for our conduct in this case. It is clear that Buttercase is dragging his feet because he fears the outcome of this matter.

Next, I address the attempt at an interlocutory appeal, the request to proceed in forma pauperis and the issue of a certificate of appealability. First, the ruling appealed from is not a final order. I have not certified this matter for an interlocutory appeal pursuant to 18 U.S.C. § 1292(b). I therefore do not believe this matter is appealable.

Second, the motion to proceed on appeal in forma pauperis will be denied. I certify that the appeal is not taken in good faith but rather to cause undue delay. 28 U.S.C. § 1915(a)(3).

Third, I deny a certificate of appealability, assuming one may be required. A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). However, I recognize that the statute refers to a "final order."

---

³ This all took place before Buttercase filed the motion (filing no. 44), the denial of which is the subject of the attempted appeal.

If this (or the underlying order appealed from) is considered a final order then I deny a certificate of appealability. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability, assuming one is required.

IT IS ORDERED that:

1. The Interlocutory Appeal (filing no. 50) and the Motion for Leave to Proceed in Forma Pauperis on appeal (filing no. 51) are denied.

2. The Clerk shall provide the Clerk of the Court of Appeals with a copy of this Memorandum and order and follow its normal practice in cases such as this one.

DATED this 23rd day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge