IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSEPH JUAN BUTTERCASE, | |
|---|---|
| Petitioner, | 8:18-CV-131 |
| vs. | |
| SCOTT R. FRAKES, Director, Nebraska Department of Correctional Services, | ORDER |
| Respondent. | |

This matter is before the Court on the petitioner's motion (filing 64) to recuse presiding Senior District Judge Richard G. Kopf, on grounds of alleged bias or prejudice. *See* 28 U.S.C. § 144; *see also* 28 U.S.C. § 455. The motion has been referred to the undersigned for disposition. *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017), *cert. denied,* 138 S. Ct. 992 (2018).[1]

The petitioner's motion will be denied for three reasons. First, it is untimely. A motion for recusal must be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim. *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016); *see Oglala Sioux Tribe of Pine*

---

[1] The Court has considered the effect of the petitioner's putative interlocutory appeal. *See* filing 58. But a district court is not divested of jurisdiction if a party appeals a non-appealable order. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999); *see Waterson v. Hall*, 515 F.3d 852, 855 (8th Cir. 2008). And a district court always retains jurisdiction over collateral matters, or aspects of the case not involved in the appeal. *See FutureFuel Chem. Co. v. Lonza, Inc*, 756 F.3d 641, 648 (8th Cir. 2014). So, jurisdiction over at least some, if not all, of this case is retained by this Court—meaning that that the Court also retains jurisdiction to determine who should preside over it.

*Ridge Indian Reservation v. Homestake Min. Co.*, 722 F.2d 1407, 1414 (8th Cir. 1983). But the underlying factual allegations that form the basis of the petitioner's motion here—that is, the incidents that he claims show bias or prejudice—took place between March and September 2018. Filing 64 at 9. The petitioner, aware of those facts, did not seek recusal until now. Accordingly, he waived recusal on those grounds by failing to raise them when he became aware of them.

Second, on the merits, a legally sufficient affidavit must allege bias or prejudice, <u>and</u> such bias or prejudice must stem from an extrajudicial source. *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984). That is, "bias or prejudice" does not include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *Liteky v. United States*, 510 U.S. 540, 551 (1994). A party is not entitled to recusal even when a judge is exceedingly ill-disposed toward him, where the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. *In re Steward*, 828 F.3d at 682; *see United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011). And judicial rulings rarely establish a valid basis for recusal. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). Here, the petitioner's accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial, nor indicative of bias. *See United States v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005); *see also United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014).

Finally, a motion to change judges is properly denied when it is essentially a judge-shopping attempt: the federal recusal statutes do not provide a vehicle for parties to shop among judges. *United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010). To the extent that the petitioner is

attempting to manufacture a supposed conflict of interest by separately pursuing legal action against Judge Kopf, it will not avail him—a party cannot be allowed to create a basis for recusal by his own deliberate actions. *See Akins,* 863 F.3d at 1087; *cf. United States v. Beale,* 574 F.3d 512, 519-20 (8th Cir. 2009); *United States v. Gamboa,* 439 F.3d 796, 817 (8th Cir. 2006).

IT IS ORDERED:

1. The petitioner's motion for expedited ruling (filing 65) is granted.

2. The petitioner's motion to recuse (filing 64) is denied.

Dated this 18th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge