IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH JUAN BUTTERCASE,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director, Nebraska Department of Correctional Services;<br><br>Respondent. | 8:18CV131<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on several motions filed by the parties, which the Court will address below.[1]

## I. MOTIONS TO REMOVE FROM PRO SE DOCKET

On December 6, 2021, Petitioner filed a motion to remove this case from the pro se docket and for re-assignment to a different judge, Filing No. 121, and asked for an immediate expedited ruling on his motion, Filing No. 122. Subsequently, on December 13, 2021, Petitioner filed an amended motion asking only that this case be removed from the pro se docket because Petitioner's counsel of record entered his appearance on September 29, 2019, Filing No. 72, and the Court's General Order No. 2016-02, which was in effect on that date, provided, in pertinent part:

> The supervising pro se judge will enter a standard text-only order directing the Clerk's office to remove a case from the pro se docket when any plaintiff or petitioner in the case retains counsel, counsel enters an appearance, or the court appoints counsel.

Filing No. 124 at 4.

---

[1] This Memorandum and Order will not address Petitioner's pending motion for evidentiary hearing, Filing No. 110, and motion for discovery, Filing No. 115. The Court will address those motions in conjunction with the Court's review of Petitioner's habeas petition, the state court records, and the parties' briefs.

Pursuant to the reassignment order entered by the Chief Judge, this matter was reassigned to the undersigned on November 18, 2021, and the case remained assigned to the pro se docket for judicial supervision. Filing No. 120. As of that date, the Court's General Order No. 2020-01 provided, in relevant part:

> *Except for habeas corpus cases such as those brought under 28 U.S.C. §§ 2241 and 2254*, the supervising pro se judge will enter a standard text-only order directing the clerk's office to remove a case from the pro se docket when any plaintiff in the case retains counsel, counsel enters an appearance, or the court appoints counsel.

Gen. Order No. 2020-01 (emphasis added; footnote omitted). Thus, when this case was reassigned to the undersigned, the relevant General Order, which had been in effect since January 27, 2020, did not require removal of a habeas case from the pro se docket due to counsel entering an appearance. Under the circumstances, the Court finds that removal of this case from the pro se docket is unwarranted. Petitioner's amended motion to remove the case from the pro se docket, Filing No. 124, is denied, and his original motion for removal and reassignment, Filing No. 121, and motion for expedited ruling, Filing No. 122, are denied as moot.

## II. MOTION TO COMPEL RESPONDENT TO FILE ADDITIONAL RECORDS

Petitioner has filed a motion, Filing No. 112, to require Respondent to provide additional state court records that are not contained within Respondent's Designation and Supplemental Designations of State Court Records, Filing Nos. 23, 33, 80, 83, & 96. Specifically, Petitioner states the Designations do not contain the following relevant state court records:

2

a. Motion for Extension of Brief Due Date for Petition for Further Review, Case No. A-15-987 - Filed 2/20/18 in the Nebraska Supreme Court (Filing No. 67, Exhibit G-1);

b. Motion to Reconsider, Case No. A-15-987 - Filed 3/8/18 in the Nebraska Supreme Court (Filing No. 67, Exhibit G-2);

c. Order, Case No. A-15-987 - Filed 3/02/18 in the Nebraska Supreme Court (Filing No. 67, Exhibit G-3);

d. Order, Case No. A-15-987 - Filed 3/12/18 in the Nebraska Supreme Court (Filing No. 67, Exhibit G-4); and

e. Petition for Writ of Certiorari, and all other related motions, applications, petitions for rehearing, and orders filed in the Supreme Court of the United States in Buttercase v. Nebraska, No. 20-6829 (Filing No. 94, Exhibit Q).

Filing No. 112 at 1–2.

As Petitioner's motion suggests, Petitioner has provided copies of the documents listed to the Court as attachments to his brief in response to Respondent's answer and brief, Filing No. 67 at 205–211, and his supplemental petition, Filing No. 94-4. As the documents Petitioner requests are already contained within the Court's records, the Court will not require Respondent to provide these additional documents, but rather will take judicial notice of the records already provided by Petitioner and consider those documents in reviewing Petitioner's habeas petition and supplemental petition.

**III. OBJECTION TO RESPONDENT'S REPLY BRIEF AND MOTION TO STRIKE**

Petitioner renews his previous objection to Respondent's reply brief, Filing No. 109, and moves this Court for a continuing objection and an order striking Respondent's

3

reply brief. Filing No. 123. Petitioner previously objected to Respondent filing a reply brief on March 25, 2019, Filing No. 40, and the Court denied the objection on April 1, 2019, Filing No. 42. Petitioner asserts that Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* does not permit the Respondent to file a reply brief to the Petitioner's responsive brief. Filing No. 123.

Rule 5(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[t]he respondent is not required to answer the petition unless a judge so orders." Here, the Court ordered Respondent to file an answer and brief in response to any amended petition filed by Petitioner and gave Respondent leave to file a reply brief to Petitioner's brief in response to the answer. Filing No. 93. Petitioner's responsive brief is expressly authorized by Rule 5(e), which provides that a habeas petitioner may file a reply to the respondent's answer within a time fixed by the court. While Rule 5 does not specifically direct the respondent to file what is commonly known as a sur-reply to the petitioner's reply to the answer, it is generally accepted that "[i]f new material is raised for the first time in the movant's reply, the nonmoving party should be given an opportunity to respond by filing a sur-reply brief, at a minimum." Brian R. Means, Federal Habeas Manual § 8:35, Habeas Rule 5 (citing *Green v. New Mexico*, 420 F.3d 1189, 1196, 96 Fair Empl. Prac. Cas. (BNA) 789 (10th Cir. 2005)). Indeed, this Court's local rules, under which "[a]ll . . . applications, requests, and petitions are filed and considered," provide that, "[w]ithout leave of court, a reply brief may not raise new grounds for relief or present matters that do not relate to the opposing party's response." NECivR 7.1(c)(2). Thus, the Court's order permitting Respondent to file a reply brief to Petitioner's brief in response to Respondent's answer

4

incorporates this traditional understanding of the function of a reply brief. The Court allows Respondent to file a reply brief to address any matters raised for the first time in Petitioner's brief, and, if no such reply is necessary, then the Court generally directs Respondent to file a notice stating that no reply brief will be filed. *See* Filing No. 19 at 11, ¶ E.

Accordingly, after careful consideration, Petitioner's objection and motion to strike, Filing No. 123, will be denied because the Court's order providing Respondent an opportunity to file a reply brief does not conflict with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and is consistent with the Court's local rules. For the sake of completeness, the Court notes that Petitioner filed a "Reply Brief in Response to Reply Brief of Respondent," Filing No. 114, which the Court will consider in reviewing Petitioner's habeas petition.

### IV. MOTION TO SUBSTITUTE RESPONDENT

On October 20, 2022, Respondent filed a Motion to Substitute Respondent, Filing No. 125, asking the Court to substitute the duly appointed Interim Director of the Nebraska Department of Correctional Services, Diane Sabatka-Rine, as the respondent in this action. Upon consideration, Respondent's motion is granted.

IT IS THEREFORE ORDERED that:

1. Petitioner's Amended Motion to Remove Case from Pro Se Docket, Filing No. 124, is denied. Petitioner's Motion to Remove Case from Pro Se Docket and for Reassignment, Filing No. 121, and Motion for Expedited Ruling, Filing No. 122, are denied as moot.

2.      Petitioner's Motion to Compel Respondent to File Additional Records, Filing No. 112, is denied to the extent that the Court will not require Respondent to provide additional state court records, and is granted to the extent that the Court will take judicial notice of and consider the additional records already provided to the Court by Petitioner.

3.      Petitioner's Continuing Objection to Respondent's Reply Brief and Motion to Strike, Filing No. 123, is denied.

4.      Respondent's Motion to Substitute Respondent, Filing No. 125, is granted. The Clerk's office is directed to update the Court's records to reflect that Diane Sabatka-Rine is the sole proper respondent in this action.

Dated this 8th day of November, 2022.

BY THE COURT:

*Joseph F. Bataillon*
Senior United States District Judge

6